

**ORDERED in the Southern District of Florida on August 18, 2010.**

_____
Paul G. Hyman, Chief Judge
United States Bankruptcy Court

_____

```
            UNITED STATES BANKRUPTCY COURT
             SOUTHERN DISTRICT OF FLORIDA
               WEST PALM BEACH DIVISION

In re:                            CASE NO.: 09-21235-BKC-PGH

JAMES M. RIMER, and               CHAPTER 7
KATHLEEN A. RIMER,
    Debtor(s)
_____/

MICHAEL R. BAKST,                 ADV. NO.: 09-01973-BKC-PGH-A
    Plaintiff(s),

v.

ROBERT G. ORE, SR., and
BOBBY ORE MOTORSPORTS, LLC,
    Defendant(s)
_____/
```

### MEMORANDUM ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS MATTER** came before the Court on May 10, 2010, upon Michael R. Bakst's (the "Trustee") Motion for Partial Summary Judgment (the "Motion") and Bobby Ore Motorsports, LLC's (the

"Defendant") Response thereto (the "Response").  For the reasons set forth below, the Court denies the Motion.

## Background[1]

On December 4, 2009, the Trustee filed a Complaint against the Defendant, initiating the above-referenced adversary proceeding. In the Complaint, the Trustee seeks turnover pursuant to 11 U.S.C. § 542 based on breach of a contract dated June 10, 2010 (the "Agreement") between the Defendant and James Rimer, the Debtor (the "Debtor").  The Agreement states:

> "This agreement is between Jim Rimer and Bobby Ore Motor Sports LLC. I Jim Rimer am loaning to Bobby Ore Motor Sports LLC. $145,000.00[.] This loan has Been funded from a line of credit at Highland Independent Bank, Loan no. 1025543-10001. This loan will be interest only until Contracts have been secured for the co. services. The Interest will vary based on Bank rate changes. The first payment begins on June 27 2008."

The Defendant is a corporation authorized to transact business in the State of Florida. Bobby Ore ("Ore"), the owner and president of the Defendant, acknowledges signing the Agreement.  Ore testified at a deposition that the Debtor agreed to receive a twenty percent (20%) interest in the business, in exchange for contributing $400,000.00 to the Defendant (the "Oral Agreement"). The Debtor and Defendant never reduced the alleged Oral Agreement to writing and the Debtor never paid $400,000.00 to the Defendant. However, the

---

[1] 1 Unless otherwise noted, the background facts are taken from the Joint Stipulation of Facts filed by the parties on June 8, 2010.

Debtor did pay $145,000.00 to the Defendant.

The Defendant acknowledges that it has only made interest payments to the Debtor on the Agreement. The parties agree that the Agreement does not require the Defendant to make principal payments until the Defendant secures "Contracts." The Defendant admits that it secured some contracts, but disputes whether these are the "Contracts" the parties contemplated under the terms of the Agreement.

### **Arguments**

In his Motion for Summary Judgment, the Trustee seeks an order finding that the Agreement is a promissory note in the amount of $145,000.00, that the Defendant breached the promissory note, and that the principal amount due is subject to turnover pursuant to 11 U.S.C. § 542. The Trustee also asserts that Florida's parol evidence rule bars any evidence relating to the Oral Agreement.

In response, the Defendant asserts that the language on the Agreement is ambiguous and requires parol evidence, precluding Summary Judgment. Specifically, the Defendant asserts that the term "Contracts" refers to government contracts. Because the Defendant's acquiring contracts is a condition precedent to principal payments, the Defendant asserts it has not defaulted under the Agreement. The Defendant also raises several arguments regarding the enforceability of the Agreement, and regarding whether the Agreement qualifies as a promissory note or negotiable

instrument.

## Conclusions of Law

**I. Jurisdiction**

The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E).

**II. The Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is appropriate if the Court determines that the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). "In determining whether a genuine question of material fact exists, the Court must consider all evidence in the light most favorable to the non-movant." *Pilkington v. United Airlines, Inc.*, 921 F. Supp 740, 744 (M.D. Fla. 1996). In considering a motion for summary judgment, "the court's responsibility is not to resolve

disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986), *cert. denied*, 480 U.S. 932 (1987) (*citing Anderson*, 477 U.S. at 248). "Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999)(citation omitted).

### III. The Court must hear Parol Evidence Regarding the Undefined term "Contracts," Precluding Summary Judgment

Under Florida's parol evidence rule, "evidence of a prior or contemporaneous oral agreement is inadmissible to vary or contradict the unambiguous language of a valid contract." *Johnson Enters. of Jacksonville v. FPL Group*, 162 F.3d 1290, 1309 (11th Cir. 1998). This is because representations made before or during the signing of a contract "are presumed to have merged in the written agreement." *Schubot v. McDonald's Corp.*, 757 F. Supp. 1351, 1357 (S.D. Fla. 1990), *aff'd*, 963 F. 2d 385 (11th Cir. 1992). Under Florida's parol evidence rule, "neither party may allege or prove that by parol agreement such terms and conditions were other than those expressed in the contract." *Gulf Theatres v. Guardian Life*

*Ins. Co. of Am.*, 157 Fla. 428 (Fla. 1946).

However, "[w]hen a contract is rendered ambiguous by some collateral matter, it has a latent ambiguity, and the court must hear parol evidence to interpret the writing properly." *RX Solutions, Inc. v. Express Pharm. Servs.*, Inc., 746 So. 2d 475, 476 (Fla. 2d DCA 1999). Florida courts recognize that "[w]henever a party presents an arguable claim that a document contains a latent ambiguity, the court is obliged to consider the extrinsic evidence, at least to the extent necessary to determine whether the claimed latent ambiguity actually exists." *Bd. of Trs. of Internal Improvement Trust Fund v. Lost Tree Vill. Corp.*, 805 So. 2d 22, 26 (Fla. 4th DCA 2001). A latent ambiguity is present when extraneous circumstances indicate "an insufficiency in the contract not apparent from the face of the agreement." *Hunt v. First Nat'l Bank*, 381 So. 2d 1194, 1197 (Fla. 2d DCA 1980). "[W]hen an agreement contains a latent ambiguity . . . the issue of the correct interpretation of the agreement is an issue of fact which precludes summary judgment." *Griffin v. Fed. Deposit Ins. Corp.*, 532 So. 2d 1358, 1360 (Fla. 2d DCA 1988); *Berry v. Teves*, 752 So. 2d 112, 114 (Fla. 2d DCA 2000); *Langford v. Paravant Inc.*, 912 So. 2d 359, 361 (Fla. 5th DCA 2005).

In this case, the meaning of the undefined term "Contracts" in the provision "[t]his loan will be interest only until 'Contracts' have been secured for the co. services" is ambiguous. The Trustee

asserts that Contracts refers to contracts generally, while the Defendant asserts that Contracts refers specifically to government contracts. Therefore, it is appropriate for the Court to hear parol evidence to determine the meaning of "Contracts," which precludes summary judgment. *See Langford*, 912 So. 2d at 361 (parol evidence admitted to define the word "sales" where the term was not defined in the agreement and the two parties had conflicting definitions); *Tanglewood Mobile Sales, Inc., v. Hachem*, 805 So. 2d 54, 55 (Fla. 2d DCA 2001) (contract contained latent ambiguity where the term "cost" was not defined in the agreement and the dispute turned on the word's meaning).

However, parol evidence may be admitted as to a portion of an agreement, while denied as to another. *See Velten v. Regis B. Lippert, Intercat, Inc.*, 985 F. 2d 1515 (11th Cir. 1993). In this case, the Defendant's parol evidence of a prior Oral Agreement is in direct contradiction with the unambiguous language of the Agreement. Specifically, the Defendant's allegations that the Debtor intended to provide $400,000.00 in exchange for an interest in the Defendant contradicts the language in the Agreement stating that the Debtor "[is] loaning to [the Defendant] $145,000.00." Thus, evidence of the alleged Oral Agreement is barred as a matter of law. *See e.g., Ungerleider*, 214 F. 3d at 1279 (evidence of alleged oral agreement barred when it contradicted the written agreement).

7

## Conclusion

Because the undefined term "Contracts" is ambiguous, and because the Defendant's acquiring "Contracts" is a condition precedent to principal payments becoming due, the Court must hear parol evidence to determine the meaning of "Contracts" in the context of the Agreement. Thus, the meaning of the term "Contracts" is a genuine issue of material fact, precluding summary judgment. Because the Court will deny the Trustee's Motion based on the foregoing, the Court need not address the remaining arguments the Defendant asserts in defense of the Motion.

## Order

The Court, having reviewed the submissions of the parties, the applicable law, and being otherwise fully advised in the premises, hereby **ORDERS AND ADJUDGES** that:

1. The Motion is **DENIED.**

2. At trial, the Court will hear parol evidence regarding the meaning of the term "Contracts" in the Agreement. However, the Court will not consider evidence regarding the alleged Oral Agreement.

###

Copies Furnished to:

Michael R. Bakst, Esq.
Attorney for the Plaintiff

Kevin J D'Espies, Esq.
Attorney for the Defendant